UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **TIMOTHY HARRELL,** Petitioner, v. **UNITED STATES OF AMERICA,** Respondent. | Case no. 10-CV-2151 |

## OPINION

On July 15, 2010, Petitioner filed a *pro se* motion (#1) pursuant to 28 U.S.C. § 2255. Petitioner raised two claims of ineffective assistance of counsel, namely: (1) that his appellate counsel, following the limited remand, failed to challenge this court's decision not to revisit Petitioner's sentence; and (2) that his trial counsel failed to challenge the validity of prior state convictions used for enhancement. Also, Petitioner contends that his sentence may be reviewed under 18 U.S.C. § 3582(c)(2), and furthermore that the new Fairness in Sentencing Act of 2010 ("FSA") should apply retroactively to reduce his sentence.

This court has carefully reviewed the record in this case and the arguments of the parties. Following this thorough review, this court agrees with the Government that the Petitioner's claims of ineffective counsel are meritless. Also, Petitioner's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and the recently enacted FSA both fail because Petitioner has a career criminal status and the FSA does not apply retroactively to § 2255 motions for prisoners previously sentenced in a crack cocaine conviction.

## FACTS

On September 8, 2006, Petitioner was indicted and charged in Case No. 06-20054 with possession of 50 or more grams of cocaine base (crack) with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (2006). The statutory penalty for that offense was a mandatory minimum of 10 years to life imprisonment.

On December 21, 2006, Petitioner appeared before U.S. Magistrate Judge David G. Bernthal and pleaded guilty to the offense charged in the indictment. This court thereafter accepted the plea on January 11, 2007.

Petitioner was involved in the distribution of cocaine and crack cocaine in Champaign-Urbana, Illinois. Law enforcement officers utilized a confidential source to purchase crack cocaine from Petitioner twice on August 10, 2006. In addition, on August 11, 2006, Petitioner was the subject of a traffic stop, as a result of which he was found in possession of several bags of crack cocaine, with a total weight of 14.4 grams, one bag of cocaine with a total weight of 2.4 grams, and $190 in cash. During a subsequent search of Petitioner's motel room, officers found him in possession of 78 grams of crack cocaine, 114.7 grams of cocaine, and $1,980 in cash.

On April 24, 2007, this court sentenced Petitioner to 262 months of imprisonment, five years of supervised release, and a $100 special assessment. In imposing the sentence, this court determined that Petitioner was a career offender under § 4B1.1 of the United States Sentencing Guidelines. See PSR ¶25. Petitioner's career offender status was due to his "two prior felony crime of violence convictions" for residential burglary. Id. Based on Petitioner's career offender status and the applicable statutory maximum sentence of life imprisonment, his base offense level was 37 and his criminal history category was VI. After reducing the base offense level by three levels for acceptance of responsibility, this Court calculated Petitioner's final

offense level at 34 and his sentencing range at 262-327 months of imprisonment. This Court imposed a 262-month sentence, the bottom of the advisory Guidelines range.

On appeal, Petitioner's counsel filed a motion to withdraw, citing an inability to identify a non-frivolous issue for appeal. See United States v. Harrell, No. 07-2027 (7th Cir. January 22, 2008). The Seventh Circuit initially granted counsel's motion and dismissed the appeal. See id.

On February 11, 2008, the Seventh Circuit vacated its order dismissing the appeal and later directed full briefing on the merits. See United States v. Harrell, No. 07-2027 (7th Cir. February 11, 2008). Petitioner's counsel thereafter filed a brief and requested a limited remand to this court pursuant to Kimbrough v. United States, 128 S.Ct. 558 (2007), because of the crack cocaine/cocaine disparity.

On December 11, 2008, the Seventh Circuit issued a limited remand, asking this court whether it would be "inclined to depart from the career offender guideline [under Kimbrough v. United States, 128 S. Ct. 558 (2007) and United States v. Liddell, 543 F.3d 877 (7th Cir. 2008)] because of the crack cocaine disparity." United States v. Harrell, No. 07-2027 (7th Cir. December 11, 2008). As the Seventh Circuit stated in its limited remand order, sentencing courts:

> may apply their discretion under Kimbrough to the career offender guideline. Courts may not disregard § 4B1.1, but after correctly making the calculations, they may issue a below-guidelines sentence based on the crack/powder cocaine disparity.

Id.

On April 14, 2009, this court declined to revisit Petitioner's sentence, stating:

> upon review of the facts surrounding Defendant's case, the court

> agrees with the government and declines to exercise its discretion under Kimbrough to depart below the guidelines range established for career offenders under the sentencing guidelines. The court is not inclined to reduce Defendant's sentence under the dispensation granted district court judges by Kimbrough and Liddell. The court believes the sentence fashioned by the guidelines and imposed at sentencing in April 2007 was appropriate for the seriousness of the crime and for someone with Defendant's criminal history.

(See Opinion, April 14, 2009).

Following the limited remand, Petitioner's appellate counsel advised the Seventh Circuit that she could find no basis to challenge this court's April 14, 2009, order. United States v. Harrell, No. 07-2027 (7th Cir. April 21, 2009). On April 27, 2009, the Seventh Circuit affirmed Petitioner's sentence. United States v. Harrell, 323 Fed. Appx. 473 (7th Cir. 2009). On July 15, 2010, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255.

## **ANALYSIS**

A § 2255 motion to vacate, set aside or correct a sentence may be brought by a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).

A claim of ineffective assistance of counsel is appropriate to bring in a § 2255 motion. To prevail on such a claim, however, a defendant must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the defendant. See, e.g., Hill v.

Lockhart, 474 U.S. 52, 57 (1985); Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Courts "indulg[e] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Galowski v. Berge, 78 F.3d 1176, 1180 (7th Cir. 1996). A petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (citation omitted). Also, a petitioner will prevail only by demonstrating a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

It is a well settled principle that although the Federal Sentencing Guidelines set an advisory template for sentencing, judges still retain ultimate discretion when formulating an appropriate sentence. See 18 U.S.C. §3553(a)(4), (a)(5); Gall v. United States, 552 U.S. 38, 49 (2007); Rita v. United States, 551 U.S. 338, 351 (2007); United States v. Booker, 543 U.S. 220, 264 (2005). Furthermore, this circuit has held that "[n]o judge is *required* to sentence at variance with a Guideline, but every judge is at liberty to do so." United States v. Corner, 598 F.3d 411, 416 (7th Cir. 2010) (emphasis in original).

On limited remand this court heard the arguments put forth by Petitioner and his counsel. This court carefully considered the Petitioner's positions but ultimately decided to reaffirm the original prison sentence imposed at sentencing. It was this court's discretion, even in light of Kimbrough, Liddell and the 2007 Amendments to the Federal Sentencing Guidelines, that when considering all the factors, including the Petitioner's career criminal status, that his sentence was appropriate. The Seventh Circuit affirmed this court's decision not to reduce the Petitioner's sentence. See U.S. v. Harrell, 323 Fed. Appx. 473 (7th Cir. 2009).

Petitioner's first argument that his appellate counsel (Susan Kister) was ineffective is

5

without merit because her decision not to pursue another appeal was based on her reasonable professional judgment that such endeavor would be fruitless if not frivolous. Twice this court had the opportunity to use its discretion to reduce Petitioner's sentence, once during sentencing and once on limited remand. Both times this court has refused to reduce the Petitioner's sentence. Therefore, appellate counsel was not deficient pursuant to Strickland because appellate counsel's decisions were based on a reasonable professional opinion, and there is no reasonable probability that an additional appeal would have been successful.

Petitioner's second argument is that his trial counsel (John Taylor) was ineffective because he failed to challenge the validity of Petitioner's 2000 Illinois state conviction for residential burglary. Specifically, the Petitioner alleges that his conviction is invalid because he was not advised at the plea hearing that he was subject to a mandatory parole term. It is well established that, with the exception of a claim that a conviction was obtained in violation of the right to counsel, a defendant may not, in a § 2255 motion, challenge the validity of a prior state conviction that was used to enhance a federal sentence. See Daniels v. United States, 532 U.S. 374, 384 (2001). Therefore Petitioner's second argument of ineffective counsel must also fail. Even on the merits Petitioner fails because the transcript for his 2000 plea hearing, which he attaches as Exhibit C to his motion, shows that the state court judge clearly advised Petitioner that he was subject to "two years of mandatory supervised release . . ." (Tr. at p.7).

Petitioner's next argument is that his sentence may be reviewed under 18 U.S.C. § 3582(c) for a two-level reduction in his offense level under the Sentencing Guidelines. However the Seventh Circuit has made clear that the Sentencing Guideline amendment for crack cocaine offenses provides no benefit to career offenders, such as Petitioner. United States v. Forman, 553

F.3d 585, 589-90 (7th Cir. 2009); United States v. Biami, 2009 WL 6635299 (7th Cir. 2009).

The Petitioner also argues that because of the recently passed Fair Sentencing Act of 2010 ("FSA") he is innocent of the sentence imposed under the 100-1 ratio, and should be retroactively downgraded to the amended level of 18-1. However it is well established that the FSA does not apply retroactively to those filing § 2255 motions for convictions prior to the FSA. See United States v. Bell, 624 F.3d 803, 814-15(7th Cir. 2010). Therefore petitioner's aforementioned argument must also fail.

## SUPPLEMENTAL MOTION

On January 24, 2011, Petitioner filed a document entitled "Motion For Leave To Amend Defendant's § 2255 Motion Under The Provisions of Rule 15(c) Of Fed.R.civ.P And Amendment"(#10). Petitioner indicated that he wanted to cite additional legal authority to support the already existing claim of ineffective appellate counsel. This court recognizes the additional authority presented before it and has taken it into consideration in this opinion.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, this Court "must issue or deny a certificate of appealability when it enters an order adverse to the applicant." A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the district court denies the certificate a petitioner may request that circuit judge issue one. Fed. R. App. Proc. 22(b)(1)(3). For the reasons stated above, this court

concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right. Accordingly, it declines to issue a certificate of appealability.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's § 2255 Motion (#1) is DENIED.

(2) Petitioner's Motion for Leave to Amend (#10) providing new legal authority is GRANTED and considered in this opinion.

(3) Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this __15th__ day of June, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE